**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CUE, INC.,
a Massachusetts corporation,

      Plaintiff,                                 Civil Action No. _____

v.

GENERAL MOTORS LLC,
a Delaware limited liability company,

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Cue, Inc. ("Cue"), for its Complaint against Defendant General Motors LLC ("GM"), hereby alleges as follows:

### Nature of the Action

1. In this action, Cue seeks injunctive and monetary relief for acts of trademark infringement and unfair competition under the laws of the United States, Title 15, United States Code, and the common law of the Commonwealth of Massachusetts.

### The Parties

2. Cue is a corporation formed under the laws of the Commonwealth of Massachusetts with its principal place of business at 216 W. Cummings Park, Woburn, Massachusetts 01801.

3. Upon information and belief, GM is a Delaware limited liability company having its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265. GM is registered to do business in the Commonwealth of Massachusetts and is subject to service of

process in the Commonwealth of Massachusetts through its registered agent, Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

## Jurisdiction and Venue

4. This action arises under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, specifically 15 U.S.C. §§ 1114(1) and 1125(a), and the common law of the Commonwealth of Massachusetts.

5. The Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1121, 1331, and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. GM is subject to personal jurisdiction in this judicial district because (1) it regularly conducts business within and has had systematic and continuous contacts with this judicial district; (2) the activities giving rise to Cue's claims occurred, at least in part, within this judicial district; and (3) Cue has been and will continue to be damaged in this judicial district by GM's tortious conduct.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

## Background

8. Throughout the United States, Cue sells audio products through its website (www.cue.com), other websites (such as Amazon.com), and through a network of distributors and affiliated independent sales representatives who are authorized to use the Cue trademarks in connection with selling Cue's audio products (the "Cue Network").

9. Since as early as December of 2008, Cue has sold audio products in interstate commerce in the United States in connection with the distinctive trademark "cue acoustics."

10. Cue is the owner of U.S. Trademark Registration No. 4,194,833 for the trademark "cue acoustics." A true and accurate copy of the registration certificate for this mark is attached hereto as Exhibit A.

11. Cue owns two additional U.S. trademark applications for a family of marks that include "cue acoustics" and "cue," U.S. Trademark Application Nos. 85,494,387 and 85,562,946, respectively. True and accurate copies of the Publication Notice and the Notice of Allowance for each of these trademark applications are also attached hereto in Exhibit A.

12. The federal registration rights, state law rights, and common law rights of Cue in the trademarks described above are collectively referred to as the "Cue Marks."

13. The Cue Marks are used on Cue's products, product packaging, and on a variety of advertising media including business cards, Internet web sites, magazines, trade publications, banners, social media, and other advertising and promotional items.

14. As a result of Cue's sales, advertising, and promotion, including through the Cue Network, the Cue Marks are increasingly known as identifying audio products originating from, sponsored by, or associated with Cue.

**GM's Activities**

15. GM, by and through its Cadillac brand, advertises, offers for sale, and sells an automobile entertainment system referred to by GM as the "Cadillac User Experience," or "CUE." The CUE system handles various car features, including the car's sound system.

16. Upon information and belief, GM began promoting the CUE system on or about December 5, 2011, through a national advertising campaign intended to inform the

public about GM's CUE system and to cause the public to associate "CUE" with the GM system.

17.  Upon information and belief, GM began selling the Cadillac XTS luxury sedan with the CUE system on or about May 31, 2012. According to the Cadillac CUE website, "CUE is standard on XTS and 2013 SRX and available on ATS."

18.  On or about May 25, 2012, GM applied for a federal trademark registration of "CADILLAC CUE."  On March 26, 2013, GM's application issued as U.S. Trademark Registration No. 4,309,670.

19.  Even though GM's federal trademark registration is for CADILLAC CUE, GM typically uses "CUE" alone when describing its system.  For example, on the Cadillac User Experience Overview webpage the word "CUE" is used 11 times on the webpage.  Of these 11 instances, "CADILLAC CUE" is used once, "CUE" (alone) is used 9 times, and "CUE—CADILLAC USER EXPERIENCE" is used once.  A true and accurate copy of the webpage is attached hereto in Exhibit B.  Additionally, another Cadillac webpage—The Intuitive Control of Tablet Has Come to Your Car—uses "CUE" alone 26 times and never uses CUE with any other words (e.g., Cadillac CUE).  A true and accurate copy of this webpage is included in Exhibit B.

20.  Cue learned in 2012 that GM has been using, in conjunction with its Cadillac sound system, the name "CUE," which is confusingly similar to the Cue Marks.

21.  Despite constructive and, upon information and belief, actual knowledge of Cue's trademark rights, GM has used and continues to use the confusingly similar CUE name in

4

connection with the advertising and promotion of its Cadillac sound system in competition with Cue.

22.   GM began using the confusingly similar name for its Cadillac sound system after Cue's use of the Cue Marks, and after Cue applied for a federal registration to protect the same. GM continues to use CUE in connection with its Cadillac sound and entertainment system.

## COUNT I
### (Trademark Infringement Under Federal Law)

23.   Cue realleges the allegations contained in each of the paragraphs above.

24.   This is a claim for infringement of the federally registered trademark of Cue, as depicted in the attached Exhibit A.

25.   GM's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe either (1) that GM is affiliated with, related to, sponsored by, or connected with Cue; or (2) that Cue is affiliated with, related to, sponsored by, or connected with GM or Cadillac, in violation of 15 U.S.C. § 1114(1).

26.   GM's conduct also constitutes an attempt to trade on the goodwill that Cue has developed in the Cue Marks, all to the damage of Cue.

27.   GM's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Cue.

28.   Cue has no adequate remedy at law.

## COUNT II
### (Unfair Competition Under Federal Law)

29.   Cue realleges the allegations contained in each of the paragraphs above.

30. This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), arising from GM's unlawful acts, including, without limitation, use of a word, term, or name (including at least "CUE"), and/or use of a false designation of origin, in connection with goods and services in commerce, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Cue with GM, and/or as to origin, sponsorship, or approval of Cue's products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. GM's conduct constitutes an attempt to saturate the market and trade on the goodwill that Cue has developed in the Cue Marks, all to the damage of Cue.

32. By its conduct, GM has caused Cue irreparable harm and injury and will continue to do so unless GM is restrained and enjoined by this Court from further violation of Cue's rights.

33. Cue has no adequate remedy at law.

## COUNT III
### (Trademark Infringement Under Massachusetts Common Law)

34. Cue realleges the allegations contained in each of the paragraphs above.

35. GM's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe either (1) that GM is affiliated with, related to, sponsored by, or connected with Cue; or (2) that Cue is affiliated with, related to, sponsored by, or connected with GM or Cadillac, in violation of the common law of the Commonwealth of Massachusetts.

36. GM's conduct also constitutes an attempt to trade on the goodwill that Cue has developed, all to the damage of Cue.

37.     As a result of GM's conduct, GM has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Cue.

38.     Cue has no adequate remedy at law.

## COUNT IV
### (Unfair Competition Under Massachusetts Common Law)

39.     Cue realleges the allegations contained in each of the paragraphs above.

40.     GM's conduct constitutes misappropriation of valuable property rights of Cue and trading on the goodwill symbolized by the distinctive Cue Marks, and is thereby likely to confuse and deceive members of the purchasing public.  By virtue of GM's conduct, GM has engaged in unfair competition in violation of the common law of the Commonwealth of Massachusetts.

41.     As a result of GM's conduct, GM has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Cue.

42.     Cue has no adequate remedy at law.

## COUNT V
### (Unfair and Deceptive Acts or Practices Under MGL Ch. 93A)

43.     Cue realleges the allegations contained in each of the paragraphs above.

44.     GM is engaged in the conduct of trade or commerce within the meaning of M.G.L. Ch. 93A.

45.     GM's sales of products bearing the confusingly similar CUE name in a willful and knowing attempt to compete unfairly with Cue, Inc. and to deceive consumers constitutes unfair competition and unfair and deceptive acts and practices in violation of M.G.L. Ch. 93A.

46. As a result of GM's ongoing unfair methods of competition and unfair and deceptive acts and practices, Cue has suffered and will continue to suffer substantial harm and injury. Cue's remedy at law is not adequate to compensate it for the injuries inflicted and threatened by GM. Unless enjoined, GM will continue its unfairly competitive activities to the irreparable harm and injury of Cue.

## COUNT VI
### (Cancellation of Federal Registration Under Federal Law)

47. Cue realleges the allegations contained in each of the paragraphs above.

48. Upon information and belief, GM is the owner of U.S. Trademark Reg. No. 4,309,670 for the mark "CADILLAC CUE" (the "GM CUE Registration").

49. In view of Cue's prior and established rights in the CUE Marks, the GM CUE Registration, is likely to cause confusion, or to cause mistake, or to deceive potential purchasers and others, whereby they would be led to mistakenly believe that GM is affiliated with, related to, sponsored by, or connected with Cue, or vice versa, all to the damage of Cue.

### Relief Sought

WHEREFORE, Cue asks this Court to:

A. Grant preliminary and permanent injunctive relief enjoining GM and any principals, agents, servants, employees, successors, and assigns of GM and all those in privity, concert, or participation with GM from:

(i) imitating, copying, duplicating, or otherwise making any use of the Cue Marks, the mark CUE, or any mark confusingly similar to the distinctiveness of the Cue Marks;

    (ii) manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material or article that bears the mark CUE or any copy or colorable imitation of the Cue Marks;

    (iii) using the mark CUE, or any unauthorized copy or colorable imitation of the Cue Marks in such fashion as is likely to relate or connect GM with Cue;

    (iv) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by GM is sponsored, endorsed, connected with, approved, or authorized by Cue, or vice versa;

    (v) causing likelihood of confusion or injury to the distinctiveness of the Cue Marks by unauthorized use of a confusingly similar mark;

    (vi) engaging in any other activity constituting unfair competition or infringement of the Cue Marks or Cue's rights in, or to use, or to exploit the same; and

    (vii) assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

 B. Find that GM has infringed the Cue Marks in violation of federal law and has damaged Cue's goodwill by GM's conduct.

 C. Find that GM has unfairly competed with Cue by the acts complained of herein in violation of federal law.

 D. Find that the acts of GM constitute trademark infringement in violation of the common law of the Commonwealth of Massachusetts.

E. Find that the acts of GM constitute unfair competition in violation of the common law of the Commonwealth of Massachusetts.

F. Enter an order requiring GM, and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with GM who receive actual notice of said order, to deliver up all articles, promotional, advertising, user manuals, and any other printed materials of any kind bearing the Cue Marks, the mark CUE, or any mark confusingly similar to or dilutive of the distinctiveness of the Cue Marks.

G. Award to Cue exemplary damages in view of the intentional, willful, wanton and reckless disregard of its rights.

H. Find GM liable and award to Cue monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the GM profits or gains of any kind resulting from its willful infringement, and/or acts of unfair competition, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117.

I. Award to Cue its attorneys' fees pursuant to M.G.L. Ch. 93A and due to the exceptional nature of this case, and all of Cue's costs and expenses of litigation.

J. Award Cue up to three, but not less than two, times the amount of Cue's actual damages.

K. Order the U.S. Patent and Trademark Office to cancel the GM CUE Registration.

L. Grant to Cue such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## Jury Demand

Cue demands a trial by jury on all issues so triable.

Dated this 21st day of October, 2013.                    Respectfully submitted,

By:   /s/  Ann Lamport Hammitte
Ann Lamport Hammitte  (BBO# 553,263)
Lando & Anastasi, LLP
One Main Street
Cambridge, MA  02142
Telephone:    617.395.7000
Facsimile:     617-395-7070
Email:  plando@LALaw.com;
ahammitte@lalaw.com;
emailserv@lalaw.com

Of Counsel:

John R. Posthumus (pending *pro hac vice*)
Sheridan Ross P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:    (303) 863-9700
Facsimile:     (303) 863-0223
E-mail:  jposthumus@sheridanross.com;
litigation@sheridanross.com

1772241.1